IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DESIREE MCCARTHY, Individually   )
and As Guardian Ad Litem for     )    2:11-cv-01273-GEB-CKD
minors T.G., D.G., and T.H.,     )
                                 )
         Plaintiffs,             )    ORDER*
                                 )
    v.                           )
                                 )
COUNTY OF SACRAMENTO, Faye       )
Rutherford, Jana Thoftne, Brandy )
Lomack, Christy Bomback, Marlene )
Albright, George Moschske, CITY  )
OF RANCHO CORDOVA, DOE Officers, )
                                 )
         Defendants.             )
_____)
```

Plaintiffs move for relief under Federal Rule of Civil Procedure ("Rule") 60(b) from judgment of dismissal entered on September 13, 2011; the dismissal entered because Plaintiffs failed to the applicable pay filing fee. (ECF No. 9.) Plaintiffs argue "the failure to electronically file a new IFP application on [behalf] of [McCarthy] was due to an oversight from [McCarthy's counsel's] office." (Pl.'s Mot. 2: 22-23.) Alan Hassan, Plaintiff's Counsel, avers in his declaration: "[t]he delay in uploading the amended IFP application was strictly the fault of Plaintiff's Counsel in that Plaintiff's Counsel had had back

---

* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

surgery . . . in May of 2011[, and that] . . . [i]t was because of Plaintiff's Counsel['s] complications from his surgery that the amended IFP application was not uploaded in a timely fashion." (Hassan Decl. ¶¶ 7-12.) Defendants do not oppose the motion.

Under Rule 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010).

The first and second factors weigh in favor of Plaintiffs, since "[t]he prejudice to the [Defendants and its potential impact on the judicial proceedings is] minimal." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1224 (9th Cir. 2000). The third factor, "[t]he reason for the delay is, admittedly, weak. [Hassan] should have arranged for someone to handle his cases while he was away, and once he returned he should have responded more quickly . . . . He showed a lack of regard for his client's interests and the court's dockets." Id. However, "there is no evidence that he acted with anything less than good faith. His errors resulted from negligence and carelessness, not from deviousness or willfulness." Id. at 1225. Therefore, Plaintiffs' motion to set aside the September 13, 2011 order dismissing Plaintiffs' complaint is GRANTED.

Further, Plaintiff Desiree McCarthy's amended "Application to

1 | Proceed Without Prepayment Of Fees and Affidavit," in which she seeks
2 | approval from the Court to proceed in this case in forma pauperis, is
3 | approved.
4 | Dated: November 1, 2011

```
                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge
```